IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| AHMED SHABAZZ | § | |
| v. | § | CIVIL ACTION NO. 6:07cv220 |
| SHERIFF J.B. SMITH | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Ahmed Shabazz, a former inmate of the Smith County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted on October 17, 2007, at which Shabazz testified that the conditions in the jail amounted to cruel and unusual punishment.  He also contended that he was held in jail without appearing before a magistrate for 75 days, he was held in a solitary cell for 11 days as a means of retaliation for filing grievances, he was held in an unclean and unsanitary cell overnight, he was denied bedding and personal property for about five days, he was exposed to second-hand smoke, another inmate fell asleep while smoking, which put Shabazz in danger, and he was assaulted on two occasions by another inmate, who was not moved or disciplined as a result of these incidents.  The sole named Defendant in the lawsuit was Sheriff J.B. Smith.

After review of the pleadings, testimony, and records in the case, the Magistrate Judge issued a Report on April 16, 2008, recommending that the lawsuit be dismissed,.  The Magistrate Judge observed that Shabazz specifically testified at the hearing that he was suing Sheriff Smith under a theory of vicarious liability, and that the sheriff was not personally involved in any of the claims

1

which he raised.  In his amended complaint, Shabazz also made clear that he was suing under a theory of vicarious liability.  Because this doctrine does not apply in Section 1983 lawsuits, the Magistrate Judge said, Shabazz had failed to set out a basis for liability against the sole named Defendant in the case.  Shabazz did not show that Sheriff Smith was personally involved in a constitutional violation, that a causal connection existed between wrongful conduct by Sheriff Smith and a constitutional violation, or that Sheriff Smith implemented a policy which was so deficient that the policy itself was a repudiation of constitutional rights and was the moving force behind a constitutional deprivation.  Therefore, the Magistrate Judge said, Shabazz's lawsuit should be dismissed.

Shabazz filed objections to the Magistrate Judge's Report on May 5, 2008.  These objections complain that he did not receive copies of the jail records until immediately before the hearing, that the Court has not acted on a motion for sanctions which he filed, the Magistrate Judge's Report stated certain unspecified facts "out of order," that when he was moved to different cells, it was not for his protection, he should not have been exposed to second-hand smoke, his right to due process was violated, "false and invalid evidence" was offered by the Defendants, and the Magistrate Judge reviewed the jail records even though he, Shabazz, objected to them.

Shabazz argues that the Sheriff is liable because he had a policy allowing smoking, his policies caused the Smith County Law Library to be inadequate, and his due process rights were violated under the Sheriff's authority.

In his amended complaint, Shabazz's claim regarding the second-hand smoke reads, in its entirety, as follows:

> Plaintiff, Ahmed S. Shabazz, was directly exposed to second-hand tobacco smoke during the entire confinement of the plaintiff in Smith County Jail facilities.  Smith County Jail facilities are enclosed facilities and are not smoke (tobacco) ventilated. Plaintiff's confinement in a tobacco smoke filled environment posed a risk of serious damage to plaintiff's future health.

In Helling v. McKinney, 113 S.Ct. 2475 (1993), a second-hand smoke case, the Supreme Court ruled on the issue of exposure to environmental hazards in the prison context.  The

2

Court reiterated the standard that convicted prisoners are entitled to be free from deliberate indifference to their serious medical needs, and stated that a claim of unconstitutional conditions of confinement requires an examination into the state of mind of the prison officials.

The Supreme Court stated that on remand, the Plaintiff must prove both the subjective and the objective elements necessary in an Eighth Amendment case.  With respect to the objective factor, the Plaintiff must show that he himself suffered exposure to an unreasonably high level of the environmental hazard.  Additionally, the District Court must assess whether society considers the risk that the inmate complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk; in other words, the prisoner must show that the risk of which he complains is not one which society chooses to tolerate.  Helling, 113 S.Ct. at 2482.

The subjective element is the required showing that the Defendants acted with deliberate indifference to the Plaintiffs' needs.  The Court stated that this should be determined in light of the prison authorities' current attitudes and conduct, including adoption of relevant policies and the realities of prison administration.  Helling, 113 S.Ct. at 2482.

In this case, even assuming that Shabazz has shown that he personally was exposed to an unreasonably high level of the environmental hazard, he has wholly failed to show that society considers the risk that he complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.  At the hearing, Captain Pinkerton, the chief jail officer, testified that inmates are allowed to smoke at tables in the Low Risk Facility, and in the dayrooms in the main jail.  The specific complaint which Shabazz presented to the jail authorities concerned an inmate smoking in bed, a violation of jail rules, and the response was that the cell block was monitored for any recurrence of this condition; Shabazz does not indicate that this happened more than once.

To the extent that Shabazz complains about the fact of smoking in the jail, his argument is in effect that smoking should be *per se* illegal everywhere, a step which society has not yet taken. Nor has he shown that in allowing smoking in certain areas of the jail, Sheriff Smith acted with

3

deliberate indifference, even assuming that the Sheriff was the policy-maker responsible for the jail's smoking policy.  *See* Harrison v. Smith, 83 Fed.Appx. 630 (5th Cir., December 11, 2003) (unpublished) (available on WESTLAW at 2003 WL 22946387) (stating that inmate's "vague and speculative conclusion" that allowing other prisoners in the Smith County Jail to smoke created an unhealthy environment did not sufficiently state a claim for exposure to environmental tobacco smoke).  The fact that Shabazz is a Muslim and finds smoking to be religiously offensive does not itself show that a constitutional violation took place.  His claim on this point is without merit.

Shabazz next complains about the "policies" relating to the law library.  He said that he was representing himself in his court case and that the library did not have any "federal books;" however, his court case involved child support, and so the lack of "federal books" would not affect that.  He also said that he wanted to complain of jail conditions, and that he was concerned about "state and federal issues."  He conceded that he was able to get forms from the federal court and to file his lawsuit, but said that he wanted "defense books."

Inmates have a right of access to legal materials, and prison officials cannot deny inmates access to court.  Bounds v. Smith, 430 U.S. 817 (1976).  However, actual injury must be shown to set out a violation of Bounds.  Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986).

The Supreme Court has held that Bounds does not "guarantee inmates the wherewithal to transform themselves into litigating engines." Lewis, 116 S.Ct. at 2182.  In Lewis, as noted above, the Court reaffirmed the longstanding requirement that inmates claiming a violation of Bounds must show actual injury. Lewis, 116 S.Ct. at 2180.  The Court provided the following examples of "actual injury" under Bounds:

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 116 S.Ct. at 2180.

In this case, even assuming that Sheriff Smith was the policymaker with regard to the Smith County Law Library, Shabazz has failed to show that a constitutional violation took place because he has not shown that he suffered any cognizable legal harm.  He testified that his criminal case was dismissed because he had been kept in the jail without seeking a judge, although jail records show that he was found guilty of contempt of court for non-payment of child support and given 10 years probation; even assuming that the jail records are correct, Shabazz has not shown that the finding of guilt was the result of any lack of access to legal materials, or that had he had access to the materials he wanted, the result of the proceeding would probably have been different.  With regard to his civil case, it is indisputable that Shabazz had access to court; he filed a complaint, *in forma pauperis* status was granted, the Defendant was served with process and filed an answer, and an evidentiary hearing was conducted.

In Mann, the plaintiff complained that he had been denied access to the jail law library and to court.  The Fifth Circuit noted that Mann's motion for leave to proceed *in forma pauperis* was granted and that process was served upon the defendants.  Discovery was allowed to proceed, and Mann was allowed to amend his complaint.  The Fifth Circuit observed that "Mann himself proved in an irrefutable manner that he was able to file a legally sufficient complaint: by doing so." Mann, 796 F.2d at 84.  Shabazz has proven his ability to gain access to courts in the same irrefutable way.  His claim on this point is without merit.

Finally, Shabazz complains in a general and conclusory manner that his due process rights were violated under Sheriff Smith's authority.  He does not point to any personal involvement by Sheriff Smith in any due process violations, nor does he show that the Sheriff implemented constitutionally deficient policies which were the moving cause behind any violation of due process which he may have suffered.  His claim on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint and testimony, the jail records and testimony at the hearing

to the extent that such other records and testimony did not directly contradict the Plaintiff's pleadings and testimony, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.   Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with  prejudice as frivolous.  It is further

ORDERED that any and all motions which may be pending in this action, including the Plaintiff's motion for sanctions and motion for a free copy of a transcript of the evidentiary hearing, are hereby DENIED.

**So ORDERED and SIGNED this 22nd day of May, 2008.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**